IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FOUR CORNERS, LLC, RAMAZAN JAFF AND CHONG JAFF, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 4:21-cv-1963 |
| WESTCHESTER SURPLUS LINES INSURANCE COMPANY, CHUBB, DANIEL JENNY, CRC INSURANCE SERVICES, INC. – SCU – SOUTHERN CROSS, SANDY MATHIS, MATTHEW D. SLOMIANY, ENGLE MARTIN & ASSOCIATES, INC. AND KEVIN MAYFIELD, | § § § § § § § § § § | |
| *Defendants*. | § | |

## NOTICE OF REMOVAL

Defendant Westchester Surplus Lines Insurance Company (erroneously also sued under the name of "Chubb"[1]) ("Westchester") removes this civil action originally filed in the 125th Judicial District Court of Harris County, Texas to the United States District Court for the Southern District of Texas, Houston Division, under 28 U.S.C. §§ 1332, 1441 and 1446, and respectfully shows the Court as follows:

---

[1]      Westchester Surplus Lines Insurance Company is a Georgia Corporation and a 100% wholly owned subsidiary of Chubb US Holdings, Inc. Chubb US Holdings, Inc. is a Delaware corporation with its principal place of business in Pennsylvania. It is a 100% wholly owned subsidiary of Chubb Group Holdings, Inc. who is a wholly owned subsidiary of Chubb Limited. Chubb Limited is publicly traded on the New York Stock Exchange (symbol CB). The plaintiffs have not specified the "Chubb" to whom they refer. Only Westchester Surplus Lines Insurance Company, however, issued the policy and adjusted the claim made the subject of this suit.

1.      On or about May 8, 2021, the plaintiffs, Ramazan & Chong Jaff, individually and d/b/a Four Corners Shopping Plaza[2] (erroneously suing in part as "Four Corners, LLC"[3]) filed their original petition in the 125th Judicial District Court of Harris County, Texas, under Cause No. 2021-27722 against Westchester and the other defendants in the above case caption. Plaintiffs allege causes of action for breach of contract, violations of Texas Insurance Code Chapters 541 (unfair settlement practices, misrepresentations of insurance policy) and 542 (prompt payment of claims), breach of the duty of good faith and fair dealing, fraud, fraud by nondisclosure, and conspiracy to commit fraud. Service of process was made on Westchester through its registered agent on May 17, 2021.

2.      This Notice of Removal is timely filed within the 30-day deadline required by 28 U.S.C. § 1446(b).

### Bases for Removal

3.      This removal is based on diversity of citizenship. 28 U.S.C. 1332(a). In particular:

     a.      Plaintiff Four Corners Shopping Plaza is a Texas general partnership with its principal place of business in Harris County, Texas. Its sole partners are the other plaintiffs, Ramazan Jaff and Chong Jaff, who each are individual

---

[2]      Based on the public records of assumed names maintained by the Harris County Clerk, Four Corners Shopping Plaza is and has been an assumed named belonging to the general partnership of Ramazan Jaff and Chong Cha Jaff, with an address of 5003 Antoine, Houston, Texas 77092, since January 5, 2015.

[3]      There is a "Four Corners, LLC," but that entity has nothing to do with the plaintiffs or the property made the subject of this suit. Public records maintained by the Texas Secretary of State and the Texas Comptroller show that entity to have Dan Silvestri as the sole member/manager, and an address of 1215 Gessner Drive, Houston, Texas 77055.

residents and citizens of Harris County, Texas. Thus, all the plaintiffs are citizens of the State of Texas.[4]

b.   Westchester is a Georgia corporation with its principal place of business in Philadelphia, Pennsylvania.  Therefore, Westchester is a citizen of Georgia and Pennsylvania.

c.   The other defendants' citizenships must be disregarded as explained below.

4.   Plaintiffs allege in paragraph 31 of their original petition that the value of the coverage claim upon which all their causes of action are based is $1,197,699.11. The amount in controversy is over $75,000.00. All requirements are met for removal under 28 U.S.C. §§ 1332 and 1441(b).

5.   Venue is proper in this Court under 28 U.S.C. § 1441(a) because this district and division embrace Harris County, Texas, the place where the removed action has been pending.

6.   Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the 125th District Court of Harris County, Texas and served on all parties.

7.   Westchester's co-defendants do not need to consent to removal because they are improperly joined as Westchester is electing to accept whatever liability its co-defendants might have to plaintiffs for the co-defendants' acts or omissions related to the claim at issue. Pursuant to Texas Insurance Code section 542A.006(c), the action against the other defendants must be dismissed. To the extent necessary, however, the other defendants consent to the removal of this action, as will be established in separate filings, and the requirement that all defendants consent to removal is thus satisfied.

---

[4]   Even if the citizenship of the incorrectly named plaintiff, "Four Corners, LLC," is considered, all the plaintiffs are citizens of the State of Texas. As stated in the preceding footnote, Dan Silvestri as the sole member/manager of that entity. Mr. Silvestri is an individual resident and citizen of Harris County, Texas.

8.      As required by Local Rule 81, this Notice of Removal has attached only these documents:

a.      an index of matters being filed;[5]

b.      all executed process in the case;[6]

b.      the sole pleading asserting causes of action, which is the original petition,[7] and all answers to that petition, which consist of (i) the Westchester Defendants (Westchester, Daniel Jenny and Matthew D. Slomiany);[8] (ii) Engle Martin & Associates;[9] (iii) Kevin Mayfield;[10] (iv) CRC Insurance Services, Inc.;[11] and (v) Sandy Mathis;[12]

c.      all orders signed by the state judge (none);

d.      the docket sheet;[13] and

e.      a list of all counsel of record, including addresses, telephone numbers and parties represented.[14]

---

[5]      Exhibit 1.

[6]      Exhibit 2.

[7]      Exhibit 3.

[8]      Exhibit 4.

[9]      Exhibit 5.

[10]      Exhibit 6.

[11]      Exhibit 7.

[12]      Exhibit 8.

[13]      Exhibit 9.

[14]      Exhibit 10.

## <u>The Other Defendants' Citizenships Must be Disregarded</u>

9.      Westchester has filed an Election of Legal Responsibility for Westchester's co-defendants (collectively "Co-Defendants") which requires their automatic dismissal.[15] Thus, Co-Defendants have been fraudulently joined or misjoined. The allegations against Co-Defendants are conclusory and generic and do not state a plausible claim for relief. Their presence in this lawsuit should be disregarded.[16] There is complete diversity between the properly joined defendant Westchester and Plaintiffs.

10.      Courts recognize an exception to the complete diversity rule where a defendant has been improperly joined in an action.[17] Improper joinder is established where the defendant shows (1) actual fraud in the jurisdictional pleadings of the facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.[18]

11      The test for improper joinder under the second category is that "there is no reasonable basis for the circuit court to predict that the plaintiff might be able to recover against an in-state defendant."[19] To determine whether a plaintiff has a reasonable basis for recovery, courts evaluate the sufficiency of the pleadings against non-diverse parties under federal pleading standards.[20] The Court may conduct the test using a Rule 12(b)(6) analysis of the complaint to

---

[15]      Exhibit 1 to Exhibit 4.

[16]      *Smallwood v. Illinois Cent. R.R. Co*., 385 F.3d 568, 572 (5th Cir. 2003) ("*Smallwood II*").

[17]      *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004); *Smallwood v. Illinois Cent. R. Co*., 352 F.3d 220, 222 (5th Cir. 2003) ("*Smallwood I*").

[18]      *Smallwood II*, 385 F.3d at 573.

[19]      *Id.*

[20]      *International Energy Ventures Mngmt., LLC v. United Energy Group Ltd*., 818 F.3d 193, 208 (5th Cir. 2016).

determine whether the plaintiff states a claim or using a summary inquiry to identify discrete and undisputed facts that would preclude recovery.[21]

12.     The removing party must establish whether federal jurisdiction exists and removal is proper.[22]  To meet this burden, the removing party must demonstrate that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[23]

13.     The pleadings on file show that Co-Defendants have been fraudulently or improperly joined. When fraudulent joinder is asserted, the Court must "pierce the pleadings" to determine whether a cause of action grounded in fact exists.[24] Failing to specify a legal and factual basis for a claim against a non-diverse party constitutes a failure to state a claim and results in fraudulent joinder of that party.[25]

## An Election of Responsibility has been filed

14.     Westchester has filed an Election of Responsibility under Texas Insurance Code Section 542A.006. This section requires the dismissal of an agent with prejudice after an Election is made:

> If a claimant files an action to which this chapter applies against an agent and the insurer thereafter makes an election under Subsection (a) with respect to the agent, the court shall dismiss the action against the agent with prejudice.[26]

---

[21]     *Smallwood II*, 385 F.3d at 573.

[22]     *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002).

[23]     *McDonald v. Abbot Labs*., 408 F.3 177, 183 (5th Cir. 2005).

[24]     *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).

[25]     *Waters v. State Farm Mut. Auto. Ins. Co.*, 158 F.R.D. 107, 109 (S.D. Tex. 1994).

[26]     TEX. INS. CODE ANN. § 542A.006(c).

15.     Westchester filed such an Election with its Answer in the State court proceeding.[27] The dismissal is automatic. The Election of Responsibility, even though made post suit, establishes improper joinder. Co-Defendants were improperly joined *at the time of removal*.[28] This is especially true where, as here,[29] the plaintiffs voluntarily acted to deprive the insurer of the opportunity to make a pre-suit election by refraining from sending the insurer the pre-suit notice required by the very same statute.[30]

16.     Because Westchester has filed an Election of Responsibility, Plaintiffs cannot establish a cause of action against Co-Defendants. Considering the election, Co-Defendants are not proper parties to this lawsuit and must be dismissed. The naming of Co-Defendants in this lawsuit should be disregarded to assess jurisdiction.

---

[27]     Exhibit 1 to Exhibit 4.

[28]     *See Ramirez v. Allstate Vehicle & Prop. Ins. Co*., 490 F. Supp. 3d 1092, 1111 (S.D. Tex. 2020) ("[T]he Court holds that an insurer's proper election of liability for a non-diverse agent under Texas Insurance Code § 542A.006(a), irrespective of the time that election is made, effectively and irreversibly dismisses the agent from the case and results in no reasonable basis for the District Court to predict that the plaintiff may be able to recover against the agent, thereby resulting in a disregard of the citizenship of the agent for purposes of analyzing diversity jurisdiction under 28 U.S.C. § 1332(a)."); *Bexar Diversified MF-1, LLC v. General Star Indem. Co*., No. SA-19-CV-00773-XR, 2019 WL 6131455, at *4 (W.D. Tex. Nov. 18, 2019) ("When an insurer makes an election under Section 542A.006, it is final and cannot be revoked or nullified, and it requires that the agent must be dismissed from the action, rendering a plaintiff 'unable (not merely unlikely) to succeed on their claims' against a non-diverse agent. Accordingly, where a diverse insurer elects to accept liability for a non-diverse defendant under Section 542A.006, and that election establishes the impossibility of recovery against the non-diverse defendant in state court <u>at the time of removal</u>, the non-diverse defendant is improperly joined and its citizenship may be disregarded for diversity jurisdiction purposes.") (emphasis supplied in original); *but see Morgan v. Chubb Lloyds Ins. Co. of Texas*, No. 4:21-CV-00100-P, 2021 WL 2102065, at *6 (N.D. Tex. May 25, 2021) (discussing split of authority among Texas federal district courts on whether a post-suit filing election is effective for removal and siding with view that it is not).

[29]     Exhibit 4 at 2 ("Specific Denial").

[30]     *See* Tex. Ins. Code Ann. § 542A.003.

## **Plaintiffs do not have a plausible claim against Co-Defendants**

17.     Alternatively, Westchester would show this lawsuit involves a dispute over the valuation of storm damage to Plaintiffs' property. The plaintiffs fail to specify how Westchester's Co-Defendants caused or contributed to Westchester's allegedly erroneous valuation.

18.     Plaintiffs assert generic claims against Co-Defendants for violations of the Texas Insurance Code. These are the same generic claims that counsel for Plaintiffs recite against other individual adjustors in numerous other insurance claim lawsuits. Plaintiffs' conclusory claims against Co-Defendants are insufficient to establish the possibility of recovery against them in their individual capacity. The boilerplate claims do not assert a specific factual basis upon which Co-Defendants can be liable. Ultimately, Plaintiffs have not asserted an injury independent of the denial of policy benefits for which an individual adjuster defendant can be liable.[31]

19.     No specific actionable representations or misrepresentations are pled. Plaintiffs' pleadings simply track the insurance code and offer no real substantive allegations of wrongdoing other than the complaint that Co-Defendants' inspection of the property was less or different than what the Plaintiffs wanted. There is no reasonable basis for recovery against Co-Defendants, specifically and individually.[32]

---

[31]     *See e.g., Provident America Ins. Co. v. Castaneda,* 988 S.W.2d 189*,* 199 (Tex. 1988); *Hornbuckle v. State Farm Lloyds*, 385 F. 3d 538 (5th Cir. 2004).

[32]     *See e.g., Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Insurance Company*, 2011 WL 240335 (S.D. Tex Jan. 20, 2011); *Jones v. Allstate Ins. Co.*, 2014 WL 415951 (N.D. Tex. Feb. 4, 2014) (finding improper joinder because "simply stating that 'Defendants' made misrepresentations, failed to comply with the law, or refused to perform a duty under the law is not sufficient"); *Nasti v. State Farm Lloyds*, 2014 WL 71058 (S.D. Tex. Feb. 19, 2014) (where petition alleged the adjuster inspected subject property and submitted an undervalued estimate to insurer "the adjustor's actions are indistinguishable from the insurer's actions and hence are insufficient to support a claim against the adjuster"); *Van Tassel v. State Farm Lloyds*, 2013 WL 5152324 (S.D. Tex. Sept. 11, 2013) (allegations that an inspector conducted a substandard investigation that led to an underpayment of claims found to be indistinguishable from claims against the insurer); *Gonzalez v. State Farm Lloyds*, 326 F. Supp. 3d 346, 352 (S.D. Tex. 2017) (plaintiffs do not explain exactly how [the adjuster's] adjustments were "improper" or how his inspections were "substandard" or otherwise inadequate."); *Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, 2009 WL

20.    Plaintiffs' claims against Co-Defendants in this suit are generic and conclusory and similar to the types of allegations that have been found in similar circumstances in the cases outlined above to require a finding that Co-Defendants have been improperly joined in this lawsuit. The claims largely consist of labels, conclusions, and formulaic recitations of the elements of causes of action.[33]  There does not appear to be any reason Plaintiffs needed to join Co-Defendants as defendants other than to defeat diversity jurisdiction, and there is no suggestion or allegation that a recovery by Plaintiffs against Co-Defendants would provide any financial gain or otherwise improve its ability to recover the damages alleged in the original petition.[34] Co-Defendants are not proper parties and their presence in this lawsuit should be disregarded to assess jurisdiction.

WHEREFORE, Westchester respectfully requests the Court to sustain this removal, retain jurisdiction over the suit, dismiss Westchester's co-defendants without prejudice,[35] and grant all other and further relief to which Westchester may be entitled.

---

1437837 at *4 (N.D. Tex. 2009) (finding the plaintiff's factual allegations to be "nothing more than legal conclusions couched as factual allegations").

[33]    *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

[34]    *See Plascencia v. State Farm Lloyds and Feliciano Gallegos*, No. 4:14-CV-524-A (N.D. Tex. Sept. 25, 2014).

[35]    Although Texas Insurance Code Section 542A.006 provides for dismissal with prejudice following an insurer's election, this Court lacks subject matter jurisdiction over an improperly joined party and thus must dismiss without prejudice. *See Bexar Diversified MF-1, LLC v. General Star Indem. Co.*, No. SA-19-CV-00773-XR, 2019 WL 6131455, at *6 (W.D. Tex. Nov. 18, 2019) (citing *International Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016)).

Respectfully submitted,

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski
Attorney-in-Charge
State Bar No. 00797732
S.D. Texas I.D. No. 25915
1221 McKinney, Suite 2900
Houston, Texas 77010
Telephone: (832) 214-3900
Telecopier: (832) 214-3905
E-mail: jziemianski@cozen.com

OF COUNSEL:

COZEN O'CONNOR
Bryan Vezey
State Bar No. 00788583
S.D. Texas I.D. No. 19217
(Firm, address and phone as above)
E-mail: bvezey@cozen.com

ATTORNEYS FOR DEFENDANT,
WESTCHESTER SURPLUS LINES INSURANCE
COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned certifies that, on June 16, 2021, a true copy of this document was served upon the following counsel of record, via the Court's electronic filing system, if enrolled, or otherwise by fax and email.

*s/ Joseph A. Ziemianski*
Joseph A. Ziemianski