5/8/2021 8:04 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 53251697
By: Monica Jackson
Filed: 5/10/2021 12:00 AM

**CAUSE NO._____**

| | | |
|---|---|---|
| **FOUR CORNERS, LLC,** | § | **IN THE DISTRICT COURT OF** |
| **RAMAZAN JAFF, and** | § | |
| **CHONG JAFF** | § | |
| | § | |
| *Plaintiffs,* | § | |
| | § | |
| **v.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **WESTCHESTER SURPLUS LINES** | § | |
| **INSURANCE COMPANY,** | § | |
| **CHUBB,** | § | |
| **DANIEL JENNY,** | § | |
| **CRC INSURANCE SERVICES, INC. -** | § | |
| **SCU- SOUTHERN CROSS,** | § | |
| **SANDY MATHIS,** | § | |
| **MATTHEW D. SLOMIANY,** | § | |
| **ENGLE MARTIN & ASSOCIATES,** | § | |
| **INC.,** | § | |
| **KEVIN MAYFIELD** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § | **____TH JUDICIAL DISTRICT** |

---

**PLAINTIFFS' ORIGINAL PETITION**

---

**TO THE HONORABLE JUDGE:**

  **COME NOW**, Four Corners, LLC, Ramazan Jaff, and Chong Jaff ("Plaintiffs"), and file this *Plaintiffs' Original Petition*, complaining of Westchester Surplus Lines Insurance Company ("Westchester"), Chubb ("Chubb"),  Daniel Jenny ("Jenny"), CRC Insurance Services Inc – SCU–Southern Cross ("Southern Cross"), Sandy Mathis ("Mathis"), Matthew D. Slomiany ("Slomiany"), Engle Martin & Associates, Inc., ("Engle Martin"), Kevin Mayfield ("Mayfield"), (at times referenced herein as "Defendants"), and for cause of action, Plaintiffs would respectfully show this Honorable Court the following:

1

Certified Document Number: 9574719 - Page 1 of 32

EXHIBIT 3

## DISCOVERY CONTROL PLAN

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case stems from an insurance dispute arising out of a severe hail and windstorm on or about May 9, 2019, which severely damaged Plaintiffs' Property in Houston, Texas. This dispute involves complex issues stemming from violations of the Texas Insurance Code and the insurance policy at issue. The parties will be involved in detailed discovery concerning claims handling practices, denial and payment of claims, including Plaintiffs' claim, and the systematic approach by Westchester and its adjusters in handling these types of property claims.

## PARTIES

2.      Plaintiffs **Four Corner, LLC, Ramazan Jaff and Chong Jaff** is Limited Liability Corporation in Houston, Harris County, Texas.

3.      Defendant **Westchester** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served by serving their agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-4284, who is authorized to accept service on behalf of Westchester Surplus Lines Insurance Company.

4.      Defendant **Chubb** is an insurance company engaging in the business of insurance in the State of Texas. This Defendant may be served by serving their agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201, who is authorized to accept service on behalf of Chubb.

5.      Defendant **Matthew D. Slomiany** is an individual residing in and domiciled in the State of Pennsylvania and at all times material to the allegations in this petition has done business in the State of Texas as an adjuster. This Defendant may be served personally with service of process at

Certified Document Number: 95740719 - Page 2 of 32

his residence at 1507 Staley Circle. Harleysville, Montgomery County, Pennsylvania 79438.

6.      Defendant **Daniel Jenny** is an individual residing in and domiciled in the State of Pennsylvania and at all times material to the allegations in this petition has done business in the State of Texas as an adjuster. This Defendant may be served personally with service of process at his residence at 103 Bairdford Rd., Gibsonia, Allegheny County, Pennsylvania 15044.

7.      Defendant **Southern Cross** is an insurance agency doing business in the State of Texas. This Defendant may be served at its principal place of business at 7557 Rambler Rd., Suite 300, Lock Box 24, Dallas, Texas 75231.

8.      Defendant **Sandy Mathis** is an individual residing and domiciled in the State of Texas and at all times material to the allegation in this petition has done business in the State of Texas as an Insurance Agent. This Defendant may be served personally with service of process at her place of business at 7557 Rambler Rd., Suite 300, Lock Box 24, Dallas, Texas 75231.

9.      Defendant **Engle Martin & Associates, Inc.** is a third-party adjusting company engaging in the business of insurance adjusting in the State of Texas. This Defendant may be served by serving its agent for service of process, CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas, 75201 who is authorized to accept service on behalf of Engle Martin & Associates, Inc.

10.     Defendant **Kevin Mayfield** is an individual residing in and domiciled in the State of Texas and at all times material to the allegations in this petition has done business in the State of Texas as an adjuster. This Defendant may be served personally with service of process at his residence at 4907 Meadowglen Dr., Pearland, Brazoria County, Texas 77584.


**JURISDICTION**

11.     The Court has jurisdiction over this cause of action because the amount in controversy is

Certified Document Number: 95740719 - Page 3 of 32

within the jurisdictional limits of the Court. Plaintiffs are seeking monetary relief over $1,000,000. Plaintiffs reserve the right to amend their petition during and/or after the discovery process.

12.     The Court has jurisdiction over Defendant Westchester Surplus Lines Insurance Company because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

13.     The Court has jurisdiction over Defendant Chubb because this Defendant is an insurance company that engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

14.     The Court has jurisdiction over Defendant Slomiany because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

15.     The Court has jurisdiction over Defendant Jenny because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

16.     The court has jurisdiction over Defendant Southern Cross Insurance Services Inc. because this Defendant is an insurance agent that engages in the business of issuing insurance policies in the State of Texas, and the Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

17.     The Court has jurisdiction over Defendant Mathis because this Defendant engages in the business of insurance in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas

Certified Document Number: 95740719 - Page 4 of 32

18.     The court has jurisdiction over Defendant Engel Martin because this Defendant is an adjusting company that engages in the business of adjusting in the State of Texas, and the Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

19.     The Court has jurisdiction over Defendant Mayfield because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arise out of this Defendant's business activities in the State of Texas.

### VENUE

20. Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE §15.032.

### FACTS

21.     Plaintiffs are the owners of a Commercial General Liability Insurance Policy (the "Policy"), issued by Westchester, Chubb, and Southern Cross to insure their property located at 5003 Antoine., Houston, Harris County, Texas 77092 (the "Property").

22.     On or about May 9, 2019 Plaintiffs' commercial property sustained damage as a result of a severe wind and hailstorm which resulted in damage to the Plaintiffs roof, exterior, and interiors of the property. When Plaintiffs were able to view the aftermath of the wind and hailstorm, they found damage to the property inside multiple stores located within the property, due to the damage caused by the storm. Specifically, but not limited to, damage to the roof, exterior elevations of the building, and interior water damage in some of the units  The punctures and hail damage to the roof from the May 2019 storm caused water damage to the decking and ultimately saturated the roof, leading to the interior damage in multiple stores.

23.     Plaintiffs promptly informed Westchester of the damages to their Property and filed a claim

Certified Document Number: 9574071 - Page 5 of 32

("Claim"). Westchester then assigned Engel Martin to adjust the claim on its behalf. Engel Martin assigned Defendant Kevin Mayfield to adjust the claim on behalf of Westchester, Chubb, and Southern Cross.

24.      On or about March 6, 2020 Plaintiffs hired Public Adjuster, James Howard, to help assist with the claim. The Public Adjuster used Chuck Kersten with All-American Roofing to help investigate the claim on behalf of Plaintiffs.

25.      On or about May 12, 2019, All-American Roofing obtained a hail impact report. The report indicated that there was golf ball sized hail where the Property is located and warned that "People and animals outdoors will be injured. Expect damage to roofs, siding, windows, and vehicles." Multiple trained spotters in the area reported hail up to 2.5 inches in diameter according to the report.

26.      On July 10, 2019, Chuck Kersten with All-American Roofing and Kevin Mayfield with Engel Martin, completed an investigation of Plaintiffs' property. Engel Martin found that there were hail marks left on the gutter downspouts and possible damage to overhead doors. EMA also found hail marks on the roof, vents, and HVAC fins. Despite finding damage resulting from hail, Engel Martin falsely concluded that there were no storm created openings and damage could be from wear and tear. EMA stated that the water damage to the interior looked old in nature. Overall, EMA was not able to determine if the damage was from wear and tear or the recent hailstorm, so the insurer hired Defendant Rimkus to determine the cause of the roof damage

27.      On August 16, 2019, an on-site inspection was conducted by Rimkus, the second of the property. The Rimkus inspection notes physical evidence of hail stones impacting the structure, but tries and allude that the size of the hail was not big enough to cause damage. The inspection goes on to state that there was no damage caused by the storm even though the report states there

Certified Document Number: 9574079 - Page 6 of 32

was "random circular areas of missing granules, spatter marks, and indentations" found on the property. The Inspection also showed that there were hail impacts that removed granules from the roof Rimkus was not able to enter the building to observe the interior damage but still comes to the conclusion that the water intrusion could not be from the storm.

28.     On or about October 4, 2019, Rimkus submitted its report. In its report, Rimkus, incorrectly states that there was no damage from the wind and hailstorm on May 9, 2019. The report that is submitted contradicts itself multiple times, claiming that there was no reported hailfall in the area, while going on to say that the storm had a history of hailfall and hail impacts were observed on Plaintiffs Property. There is no question that Rimkus lived up to its reputation and provided a biased report, which was a product of an outcome-oriented investigation geared toward finding no storm damage.

29.     On October 14, 2019, Defendant Slomiany sent a letter to Plaintiffs on behalf of Westchester, Chubb, and Southern Cross. The letter provided Chubb's comments on the coverage of the loss. Defendant Slomiany points to policy provisions that exclude coverage for cosmetic loss. Once again, Defendant Chubb incorrectly relies upon EMA's inability to determine what caused the damage and an outcome-oriented engineer report.

30.     On October 22, 2019, Defendant Mayfield prepared an estimate of repair and adjusted the claim for an RCV of $9,652.23, well under the appropriate amount to fully repair the damages to Plaintiffs building.

31.     On or about November 22, 2019, Chuck Kersten with All-American Roofing submitted an estimate for the damage to Plaintiffs Property. AAR also sent a photo report that shows damage to the Plaintiffs Property. As a result of the wind and hailstorm, AAR's estimate accounted for damage to the roof, HVAC, exterior, signage, and interior for an RCV of $1,197,699.11.

Certified Document Number: 9574079 - Page 7 of 32

32.     On March 7, 2021, Defendant Mayfield sent a letter to Plaintiffs on behalf of Westchester, Chubb, and Southern Cross, and Engle Martin. Defendant Mayfield informed Plaintiffs that the estimated damage was only $9,652.23, which falls below the policy 'per occurrence' deductible.

33.     On May 3, 2021 Plaintiffs hired Merlin Law Group to assist with the resolution of the claim.

34.     From the procedural and factual background of this claim, it appears that the adjusters assigned by Westchester, Chubb, and Southern Cross were either improperly trained by Westchester, Chubb, and Southern Cross or failed to perform a thorough and reasonable investigation of the Claim. Westchester, Chubb, and Southern Cross relied upon the substandard investigations to adjust the Claim. Despite this, Westchester, Chubb, and Southern Cross have yet to accept responsibility and has failed to provide sufficient payment of damages for the Plaintiffs' Claim. Plaintiffs incurred significant damages to the Property and such damages were undervalued, under-scoped and all together overlooked.

35.     Plaintiffs' roof, gutters, walls, signs, ceilings, and several other areas of their Property, were damaged to the extent the items required and should have been approved by Westchester, Chubb, and Southern Cross to receive repairs. Westchester, Chubb, and Southern Cross failed to allow adequate funds to cover the cost of repairs to all the damages sustained.

36.     Westchester, Chubb, and Southern Cross personnel failed to thoroughly review and properly oversee the work of their assigned adjusters, ultimately approving an improper adjustment and an inadequate, unfair settlement of Plaintiffs' Claim. As a result of this unreasonable investigation, Plaintiffs were wrongfully denied payment and suffered damages.

37.     It is clear from these facts that Westchester, Chubb, and Southern Cross set out to deny and/or underpay Plaintiffs' properly covered damages. Westchester, Chubb, and Southern Cross

Certified Document Number: 95740719 - Page 8 of 32

failed to provide full coverage for the damages sustained by Plaintiffs, and under-scoped and undervalued the damages, thus denying adequate and sufficient payment to Plaintiffs.

38.    As a result of this unreasonable investigation by Westchester, Chubb, and Southern Cross, the Claim was improperly adjusted. The mishandling of the Claim has also caused a delay in Plaintiffs' ability to fully repair the property. To this date, Plaintiffs have yet to receive full payment under the insurance policy.

39.    Attributing to Westchester, Chubb, and Southern Cross' failure in accepting the adjusters' various unreasonable and unrealistic evaluations of damages, was Westchester, Chubb, and Southern Cross' further failure to adequately train and/or supervise the investigations conducted by Slomiany, Mayfield, Mathis, and Jenny, which resulted in the overall improper handling of Plaintiffs' Claim. Additionally, Westchester, Chubb, and Southern Cross' inside claims personnel failed to thoroughly review and properly oversee the work of these assigned claims representatives and adjusters, and ultimately approved an improper adjustment of and an inadequate, unfair settlement of Plaintiffs' Claim. As a result of Defendant's misrepresentations, wrongful acts, and omissions set forth above and further described herein, Plaintiffs have yet to receive full payment under the policy which has caused significant delay in Plaintiffs' ability to fully repair their property. At this point, Plaintiffs were left with little choice but to retain the services of the law firm whose signatures appear below.

40.    With regard to Westchester, Chubb, and Southern Cross' handling of Plaintiffs' Claim, it failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Westchester, Chubb, and Southern Cross refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property, and all conditions precedent to recovery upon the Policy had been carried

out and accomplished by Plaintiffs. Westchester, Chubb, and Southern Cross' conduct constitutes a breach of the insurance contract between Westchester, Chubb, and Southern Cross and Plaintiffs. Over a century ago, Justice Learned Hand wrote: "[a] contract is an obligation attached by the mere force of law to certain acts of the parties, usually words, which ordinarily accompany and represent a known intent." *Hotchkiss v. Nat'l City Bank*, 200 F. 287, 293 (S.D.N.Y. 1911). Simply stated, the insurance policy in effect between Plaintiffs and Westchester, Chubb, and Southern Cross is a contract wherein the insurance company, Westchester, Chubb, and Southern Cross, offers to provide insurance coverage and services associated therewith in exchange for the policyholder's payment of annual premiums in consideration of the contract. Texas law recognizes a cause of action for breach of contact. Pursuant to Texas law, either party to the contract can initiate legal action against the other party for violations of that contract that causes damages. A breach of contract claim is distinct and independent from a tort claim such as a breach of the duty of good faith and fair dealing or a violation of statutory or other extra-contractual claims. Tort and contract claims are separate and independent, yet they are factually interwoven, and the same evidence is often admissible on both types of claims in an insurance policy.

41.     From and after the time Plaintiffs' Claim was presented to Westchester, Chubb, and Southern Cross, the liability of Westchester, Chubb, and Southern Cross to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, to this day, Westchester, Chubb, and Southern Cross has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment.

42.     Westchester, Chubb, and Southern Cross' conduct constitutes not only a breach of contract but also constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs as insureds in an insurance contract. "Good faith and fair dealing" is defined as the degree

and diligence for which a man of ordinary care and prudence would exercise in the management of his own business. *Arnold v. Nat'l Mut. Fire Ins. Co.*, 725 S.W.2d 165, 167 (Tex. 1987). The concept of good faith and fair dealing in an insurance context is based in large part on the parties' special relationship formed from the parties' "unequal bargaining power." Insurers, like Westchester, Chubb, and Southern Cross, have the ability to more easily take advantage of policyholders like Plaintiffs, due to an insurer's exclusive control over the evaluation, processing, and denial of claims. This unlevel playing field between an insurer and its policyholders further justifies the imposition of a common-law duty on insurers to deal fairly and in good faith with their policyholders which Westchester, Chubb, and Southern Cross breached in failing to deal fairly and in good faith with Plaintiffs.

43.     Westchester, Chubb, and Southern Cross' conduct also constitutes the commission of a tort for its violation of the Texas Insurance Code. Here, in Texas, the vast majority of insurance policies, including Westchester, Chubb, and Southern Cross' Policy contract with Plaintiffs, do not contain provisions to account for an insurance company's and/or its representatives' (potentially improper) tort acts or omissions undertaken through their handling of a claim. It cannot be denied that such conduct has a detrimental effect on policyholders, like Plaintiffs here, when a claim is unnecessarily drawn out and then ends with a poor result. To account for such tortious acts and omissions that fall outside the four-corners of the contract/policy language (but nonetheless affect the claim and/or detrimentally harm the policyholder), the Texas Legislature specifically created and enacted the Texas Insurance Code to protect consumers and regulate insurance professionals, like Westchester, Chubb, and Southern Cross. Chapters 541 and 542 of the Texas Insurance Code include duties and obligations that any person or entity engaged in the business of insurance in Texas must follow. Those duties and obligations are wholly independent

Certified Document Number: 9574O719 - Page 11 of 32

of those to which an insurer may be contractually responsible. Specifically, Chapter 541 of the Texas Insurance Code states that, "the purpose of this chapter is to regulate trade practices in the business of insurance by: (1) defining or providing for the determination of trade practices in this state that are unfair methods of competition or unfair or deceptive acts or practices; and (2) prohibiting those trade practices." Chapters 541 and 542 of the Texas Insurance Code describe various claims settlement practices, among extensive other rules and requirements that anyone conducting the business of insurance in Texas must not engage in or undertake. Insurance policies in Texas, such as Plaintiffs' Policy with Westchester, Chubb, and Southern Cross, which gives rise to a breach of contract claim, are silent as to these statutory provisions which give rise to a tort claim. These two bodies of law (contract and tort) are entirely independent areas of the law with independent issues, and with unique causes of action and damages, yet factually intertwined.

44.     Westchester, Chubb, and Southern Cross committed a tort when they violated the Texas Insurance Code by misrepresenting to Plaintiffs that the damage to their Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Westchester, Chubb, and Southern Cross further committed a tort when they violated the Texas Insurance Code by continually undervaluing and under-scoping the damages Plaintiffs incurred. Westchester, Chubb, and Southern Cross' misrepresentations caused Plaintiffs to suffer "actual damages" which, under the Insurance Code, are those recoverable at common law and which include benefit-of-the-bargain damages, commonly referred to as "policy benefits." These damages signify the difference of the value represented and the value received. Westchester, Chubb, and Southern Cross' conduct as described above and herein, constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(1).

45.     Policyholders, like Plaintiffs, can recover actual damages which are the "policy benefits"

12

for extra-contractual claims such as Chapter 541 violations under the Texas Insurance Code and for commission of other bad faith claims. Plaintiffs, therefore, are entitled to recover policy benefits which are the actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

46.     Westchester, Chubb, and Southern Cross also failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Westchester, Chubb, and Southern Cross' conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(2)(A). Westchester, Chubb, and Southern Cross' conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially, in full, by Westchester, Chubb, and Southern Cross but were not. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

47.     In addition, Westchester, Chubb, and Southern Cross failed to explain to Plaintiffs the reasons for its offer of an inadequate settlement and failed to explain the reason why full payment was not being made. Furthermore, Westchester, Chubb, and Southern Cross neither communicated that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiffs' Claim. Westchester, Chubb, and Southern Cross' conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(3). Westchester, Chubb, and Southern Cross' conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially by Westchester, Chubb, and Southern Cross. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for

Certified Document Number: 9574O719 - Page 13 of 32

Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

48.      Furthermore, Westchester, Chubb, and Southern Cross failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding their full and entire Claim, in writing from Westchester, Chubb, and Southern Cross. Westchester, Chubb, and Southern Cross' conduct constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(4). Westchester, Chubb, and Southern Cross' conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially by Westchester, Chubb, and Southern Cross but were not paid. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

49.      Finally, Westchester, Chubb, and Southern Cross, refused to fully compensate Plaintiffs under the terms of the Policy, and further failed to conduct a reasonable investigation. Specifically, Westchester, Chubb, and Southern Cross performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in an unfair and inequitable evaluation of Plain tiffs' losses on the Property. Westchester, Chubb, and Southern Cross' conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE § 541.060(a)(7). Thus, Westchester, Chubb, and Southern Cross' conduct caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid initially, in full, by Westchester, Chubb, and Southern Cross. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

Certified Document Number: 9574719 - Page 14 of 32

50.     After receiving notice of Plaintiffs' Claim, Westchester, Chubb, and Southern Cross failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' Claim, beginning an investigation of Plaintiffs' Claim, and requesting all information reasonably necessary to investigate Plaintiffs' Claim within the statutorily mandated time of receiving notice of Plaintiffs' Claim. Westchester, Chubb, and Southern Cross' conduct is a violation of Section 542.055 of the Texas Insurance Code Prompt Payment Claims Act. *See* TEX. INS. CODE §542.055. Westchester, Chubb, and Southern Cross' conduct caused Plaintiffs to suffer actual damages which constitutes the loss of policy benefits to which they were entitled, and which should have been paid by Westchester, Chubb, and Southern Cross. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

51.     Westchester, Chubb, and Southern Cross failed to accept or deny Plaintiffs' full and entire Claim within the statutorily mandated time of receiving all necessary information. Westchester, Chubb, and Southern Cross' conduct constitutes a violation of Section 542.056 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.056. Westchester, Chubb, and Southern Cross' conduct caused Plaintiffs to suffer actual damages which constitutes the loss of policy benefits to which they were entitled, and which should have been paid, in full, by Westchester, Chubb, and Southern Cross. Plaintiffs, therefore, are entitled to recover policy benefits as actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.*

52.     Westchester, Chubb, and Southern Cross failed to meet its obligations under the Texas Insurance Code regarding payment of Plaintiffs' Claim without delay. Specifically, Westchester, Chubb, and Southern Cross delayed full payment of Plaintiffs' Claim longer than allowed, and, to

date, Plaintiffs have not received full payment of their Claim. Westchester, Chubb, and Southern Cross' conduct constitutes a violation of Section 542.058 of the Texas Insurance Code, Prompt Payment of Claims Act. *See* TEX. INS. CODE §542.058. As a result of Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code, Plaintiffs have lost policy benefits to which they were entitled, and which should have been paid, in full, by Westchester, Chubb, and Southern Cross timely but were not paid. Plaintiffs, therefore, are entitled to recover policy benefits as their actual damages for Westchester, Chubb, and Southern Cross' violation of this section of the Texas Insurance Code. *Id.,*

53.    Defendants Westchester, Chubb, and Southern Cross, along with its agents Slomiany, Mayfield, Mathis, and Jenny misrepresented to Plaintiffs that the damage to their Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants Westchester, Chubb, and Southern Cross, along with its agents Slomiany, Mayfield, Mathis, and Jenny's conduct constitutes a violation of Section 541.060(a)(1) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(1).

54.    Defendants Westchester, Chubb, and Southern Cross, along with its agents Slomiany, Mayfield, Mathis, and Jenny, failed to make an attempt to settle Plaintiffs' Claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. Defendants Westchester, Chubb, and Southern Cross', along with its agents Slomiany, Mayfield, Mathis, and Jenny's, conduct constitutes a violation of Section 541.060(a)(2)(A) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(2)(A).

55.    Defendants Westchester, Chubb, and Southern Cross, along with its agents Slomiany, Mayfield, Mathis, and Jenny, failed to explain to Plaintiffs the reasons for their offer of an inadequate settlement. Defendants Westchester, Chubb, and Southern Cross, along with its agents,

Certified Document Number: 9574071 9 - Page 16 of 32

Slomiany, Mayfield, Mathis, and Jenny failed to offer Plaintiffs adequate compensation, without any explanation of why full payment was not being made. Defendants Westchester, Chubb, and Southern Cross, along with its agents Slomiany, Mayfield, Mathis, and Jenny, did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' Claim. Defendants Westchester, Chubb, and Southern Cross', along with its agents Slomiany, Mayfield, Mathis, and Jenny 's, conduct is a violation of Section 541.060(a)(3) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(3).

56.     Defendants Westchester, Chubb, and Southern Cross, individually, and by and through its agents, Slomiany, Mayfield, Mathis, and Jenny, failed to affirm or deny coverage of Plaintiffs' Claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire Claim, in writing from Defendants Westchester, Chubb, and Southern Cross individually, or from its agents, Slomiany, Mayfield, Mathis, and Jenny. Defendants Westchester, Chubb, and Southern Cross' conduct individually, and by and through its agents' conduct, constitutes a violation of Section 541.060(a)(4) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(4).

57.     Defendants Westchester, Chubb, and Southern Cross individually, and by and through its agents, Slomiany, Mayfield, Mathis, and Jenny, refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants Westchester, Chubb, and Southern Cross individually, and its agents, Slomiany, Mayfield, Mathis, and Jenny, failed to conduct a reasonable investigation. Specifically, Defendants Westchester, Chubb, and Southern Cross individually, and by and through its agents, Slomiany, Mayfield, Mathis, and Jenny, performed an outcome-oriented investigation of Plaintiffs' Claim, which resulted in a biased, unfair, and inequitable evaluation of

Certified Document Number: 9574071 9 - Page 17 of 32

Plaintiffs' losses on the Property. Defendant's conduct constitutes a violation of Section 541.060(a)(7) of the Texas Insurance Code. *See* TEX. INS. CODE §541.060(a)(7).

58.     From the time Plaintiffs' Claim was presented to Westchester, Chubb, and Southern Cross, the liability of Westchester, Chubb, and Southern Cross to pay the full Claim in accordance with the terms of the Policy was reasonably clear. However, Westchester, Chubb, and Southern Cross has refused to pay Plaintiffs in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny full payment. Westchester, Chubb, and Southern Cross' conduct constitutes a breach of the common law duty of good faith and fair dealing.

59.     Defendants Westchester, Chubb, and Southern Cross individually, and by and through its agents, Slomiany, Mayfield, Mathis, and Jenny, knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed from Plaintiffs all or part of such material information.

60.     As a result of the wrongful acts and omissions by Defendants Westchester, Chubb, and Southern Cross individually, and by and through its agents, Slomiany, Mayfield, Mathis, and Jenny, Plaintiffs were forced to retain the professional services of the attorneys and law firm whose names appear below and who are representing them with respect to these causes of action.

61.     Plaintiffs' experience is not an isolated case. The acts and omissions Westchester, Chubb, and Southern Cross committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Westchester, Chubb, and Southern Cross with regard to handling these types of claims. Westchester, Chubb, and Southern Cross' entire process is unfairly designed to reach favorable outcomes for the company at the expense of

Certified Document Number: 95740719 - Page 18 of 32

the policyholders.

## CAUSES OF ACTION:

### CAUSES OF ACTION AGAINST WESTCHESTER, CHUBB, AND SOUTHERN CROSS ONLY

62.     As detailed above in the preceding paragraphs, Westchester, Chubb, and Southern Cross are liable to Plaintiffs for breach of contract, as well as violations of the Texas Insurance Code, and breach of the common law duty of good faith and fair dealing.

### BREACH OF CONTRACT

63.     Westchester, Chubb, and Southern Cross' conduct constitutes a breach of the insurance contract made between Westchester, Chubb, and Southern Cross. Defendants and Plaintiffs. Westchester, Chubb, and Southern Cross' failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Westchester, Chubb, and Southern Cross' insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

64.     Westchester, Chubb, and Southern Cross' conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a)(1)-§541.060(a)(7). All violations under this article are made actionable by Section 541.151 of the Texas Insurance Code. See TEX. INS. CODE §541.151.

65.     Westchester, Chubb, and Southern Cross' unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, is a violation of Section 541.060(a)(1), constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

66.     Westchester, Chubb, and Southern Cross' unfair settlement practice, as described above,

Certified Document Number: 9574O719 - Page 19 of 32

of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the Claim, even though Westchester, Chubb, and Southern Cross' liability under the Policy was reasonably clear, is a violation of Section 541.060(a)(2)(A) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(2)(A).

67.     Westchester, Chubb, and Southern Cross,' unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the Claim, is a violation of Section 541.060(a)(3) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(3).

68.     Westchester, Chubb, and Southern Cross,' unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the Claim to Plaintiffs, is a violation of Section 541.060(a)(4) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(4).

69.     Westchester, Chubb, and Southern Cross' unfair settlement practice, as described above, of refusing to pay Plaintiffs' Claim without conducting a reasonable investigation, is a violation of Section 541.060(a)(7) and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* Tex. Ins. Code §541.060(a)(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

70.     Westchester, Chubb, and Southern Cross' conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims Act. All violations made under this article are made actionable by Section 542.060 of the Texas Insurance Code. *See* Tex. Ins. Code §542.060.

71.     Westchester, Chubb, and Southern Cross' failure to acknowledge receipt of Plaintiffs'

Certified Document Number: 9574 0719 - Page 20 of 32

claim, commence investigation of the Claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non- prompt payment of claims and violation of Section 542.055 of the Texas Insurance Code. *See* Tex. Ins. Code §542.055.

72.     Westchester, Chubb, and Southern Cross' failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim *See* Tex. Ins. Code §542.056.

73.     Westchester, Chubb, and Southern Cross' delay of the payment of Plaintiffs' Claim following its receipt of all items, statements, and forms reasonably requested and required, longer than the amount of time provided for, as described above, is a violation of Section 542.058 and constitutes a non-prompt payment of the Claim. *See* Tex. Ins. Code §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

74.     As referenced and described above, and considering further conduct throughout this litigation and lawsuit, Defendants Engel Martin, Slomiany, Mayfield, Mathis, and Jenny are agents of Westchester, Chubb, and Southern Cross based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of Westchester, Chubb, and Southern Cross. *See* Tex. Ins. Code §4001.051.

75.     Separately, and/or in the alternative, as referenced and described above, Westchester, Chubb, and Southern Cross ratified the actions and conduct of Defendants Engel Martin, Slomiany, Mayfield, Mathis, and Jenny, including the completion of their duties under the common law and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

76.     Because an insurer has the ability and more easily can take advantage of the insured due to an insurers exclusive control over the evaluation, processing and denial of claims, insurance

21

companies and their policies present an inherent "unequal bargaining power." In legal terms, this unlevel playing field results in a "special relationship" between an insurer and an insured and further justifies the imposition of a common law duty on insurers to "deal fairly and in good faith with their insureds." Westchester, Chubb, and Southern Cross' conduct constitutes a breach of the common law of good faith and fair dealing owed to insureds like Plaintiffs in insurance contracts.

77.    Westchester, Chubb, and Southern Cross' conduct however, as described herein, constitutes a breach of the common law duty of good faith and fair dealing owed to insureds in insurance contracts. Westchester, Chubb, and Southern Cross failed to perform its contractual duties to adequately compensate Plaintiffs under the terms of the Policy. Specifically, Westchester, Chubb, and Southern Cross refused to pay the full proceeds of the Policy, although due notice was made for proceeds to be paid in an amount sufficient to cover the damaged Property and to restore it. Thus, from and after the time Plaintiffs' Claim was presented to Westchester, Chubb, and Southern Cross, the liability of Westchester, Chubb, and Southern Cross to pay the full Claim in accordance with the terms of the Policy was reasonably clear and there was no basis upon which a reasonable insurer would have relied to deny the full payment.

78.    Westchester, Chubb, and Southern Cross' failure, as described above, to investigate and evaluate Plaintiffs' Claim, and to pay the full proceeds of the Policy, although, at that time, Westchester, Chubb, and Southern Cross knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing adequately and reasonably. Westchester, Chubb, and Southern Cross' conduct has caused Plaintiffs to lose policy benefits to which they were entitled, and which should have been paid, in full, by Westchester, Chubb, and Southern Cross, but were not.

**CAUSES OF ACTION AGAINST DEFENDANTS ENGEL MARTIN, SLOMIANY, MAYFIELD,**

Certified Document Number: 9574 0719 - Page 22 of 32

<u>**MATHIS, AND JENNY**</u>

**NONCOMPLIANCE WITH TEXAS INSURANCE CODE:**
**UNFAIR SETTLEMENT PRACTICES**

79.     Westchester, Chubb, and Southern Cross assigned Engel Martin, Slomiany, Mayfield, Mathis, and Jenny to oversee the adjustment of Plaintiffs' claim. Engel Martin, Slomiany, Mayfield, Mathis, and Jenny were improperly trained to handle claims of this nature and performed unreasonable investigations of Plaintiffs' damages as explained in detail above and referenced herein. During their investigations, the adjusters failed to properly assess Plaintiffs' storm damages. Defendants failed to include in their estimates all covered property items that were damaged and completely failed to recognize or claim some of the damages to Plaintiffs' property. In addition, the damages that Defendants did include were severely underestimated. Defendants determined that the damages were either not covered under the Policy and/or valued the damages well below the actual amount of damages to the Property.

80.     Engel Martin, Slomiany, Mayfield, Mathis, and Jenny 's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. *See* TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

81.     Engel Martin, Slomiany, Mayfield, Mathis, and Jenny are each individually liable for their unfair and deceptive acts, irrespective of the fact they were acting on behalf of Westchester, Chubb, and Southern Cross, because they are each a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or interinsurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an *agent*, broker, *adjuster* or life and health insurance counselor." *See* TEX. INS. CODE §541.002(2) (emphasis added). (*See also Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding an

Certified Document Number: 9574719 - Page 23 of 32

insurance company employee to be a "person" for the purpose of bringing a cause of action against him or her under the Texas Insurance Code and subjecting him or her to individual liability)).

82.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation. Defendants' misrepresentations by means of deceptive conduct include, but are not limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damage as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Engel Martin, Slomiany, Mayfield, Mathis, and Jenny's unfair settlement practices, as described above and by example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(1).

83.     Engel Martin, Slomiany, Mayfield, Mathis, and Jenny's unfair settlement practices, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Westchester, Chubb, and Southern Cross' liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(2)(A).

84.     Engel Martin Slomiany, Mayfield, Mathis, and Jenny failed to explain to Plaintiffs the reasons for the offer of an inadequate settlement or provide any explanation as to why full payment was not being made. Engel Martin, Slomiany, Mayfield, Mathis, and Jenny neither communicated that any future settlements or payments would be forthcoming to pay for all the losses covered

Certified Document Number: 95740719 - Page 24 of 32

under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs'
claim. The unfair settlement practices of Engel Martin, Slomiany, Mayfield, Mathis, and Jenny as
described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the
basis in the Policy, in relation to the facts or applicable law, for the offer of a compromise
settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and
deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.060(a)(3).

85.     Engel Martin, Slomiany, Mayfield, Mathis, and Jenny's unfair settlement practices, as
described above, of failing within a reasonable time to affirm or deny coverage of the claim to
Plaintiffs constitutes an unfair method of competition and an unfair and deceptive act or practice
in the business of insurance. *See* TEX. INS. CODE §541.060(a)(4).

86.     Engel Martin, Slomiany, Mayfield, Mathis, and Jenny failed to properly inspect the
Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior
damages, although such were reported by Plaintiffs to Westchester, Chubb, and Southern Cross.
Engel Martin, Slomiany, Mayfield, Mathis, and Jenny 's unfair settlement practices, as described
above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation,
constitutes an unfair method of competition and an unfair and deceptive act or practice in the
business of insurance. *See* TEX. INS. CODE §541.060(a)(7).

### CAUSES OF ACTION AGAINST ALL DEFENDANTS

#### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
#### MISREPRESENTATIONS OF INSURANCE POLICY

87.     Defendants Slomiany, Mayfield, Mathis, Jenny, Engel Martin, Southern Cross, Chubb, and
Westchester misrepresentations and/or failures to disclose material facts relating to Westchester,
Chubb, and Southern Cross' insurance coverage, as described above, constitutes an unfair method
of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX.

Certified Document Number: 95740719 - Page 25 of 32

INS. CODE §541.061(1). *See also* TEX. INS. CODE §541.051(1)(A)(B).

88.     Defendants Slomiany, Mayfield, Mathis, Jenny, Engel Martin, Southern Cross, Chubb, and Westchester misrepresentations and/or failures to disclose or state material facts relating to insurance coverage, as described above, necessary to make other statements not misleading, considering the circumstances under which the statements were made or not made, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(2).

89.     Defendants Slomiany, Mayfield, Mathis, Jenny Engel Martin, Chubb, Southern Cross, and Westchester misrepresentations and/or failure to disclose or state material facts relating to insurance coverage, as described above, which statements were made in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. *See* TEX. INS. CODE §541.061(3).

**FRAUD**

90. Defendants are liable to Plaintiffs for common law fraud.

91.     Each and every one of the representations, as described above, concerned material facts for the reason that absent such representations, Plaintiffs would not have acted as they did, and which Defendants Westchester, Chubb, Southern Cross, Engel Martin, Slomiany, Mayfield, Mathis, and Jenny knew were false or made recklessly without any knowledge of their truth as a positive assertion.

92.     The statements were made with the intention that they should be acted upon by Plaintiffs, who in turn acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury and constituting common law fraud.

Certified Document Number: 95740719 - Page 26 of 32

**FRAUD BY NONDISCLOSURE**

93.     Defendants Westchester, Chubb, Southern Cross, Engel Martin, Slomiany, Mayfield, Mathis, and Jenny are liable to Plaintiffs for fraud by nondisclosure. Because of the parties' special relationship, Defendants had a duty to disclose material facts to Plaintiffs. Defendants failed to disclose the material facts of their estimates, evaluations, and determinations. They failed to disclose that they sold a policy to Plaintiffs that would not cover the damages that occurred, instead, trying to find every way not to pay the damages.  It is clear the policy covers the damages. It is clear there was weather related damage to the property.  Westchester, Chubb, and Southern Cross failed to disclose that they were performing an outcome-oriented investigation and finding a way not to pay the claim. In this case by determining the damages were less than the deductible, which lead to a zero payment.   It was not a question of if the storm caused the damage but a question of how much it would cost to repair the damages from the storm.  Westchester, Chubb, and Southern Cross' claims assessment was woefully inadequate. Specifically, by not advising Plaintiffs of what additional information and documentation Defendants Westchester, Chubb, and Southern Cross would consider in support of Plaintiffs' Claim. Defendants knew that Plaintiffs did not have an equal opportunity with Defendants, to obtain a copy of the estimates and other documents requested by Plaintiffs, or to discover independently the specific damage items listed in Defendants' estimates and documents related to Plaintiffs' Property. By intentionally failing to disclose material information that could have a significant outcome on the Claim, Defendant individually, and by and through its agents, intended to induce Plaintiffs to blindly accept Defendants' insufficient investigations and estimates which concluded that the Property had not suffered significant damage as a result of the storm.

94.     Furthermore, Defendants Westchester, Chubb, and Southern Cross failed to provide full

coverage for the roof of Plaintiffs' house. Plaintiffs had detrimentally relied on Westchester, Chubb, and Southern Cross to obtain the requested coverage. Westchester, Chubb, and Southern Cross made material misrepresentations about the policy of insurance sold to Plaintiffs. Plaintiffs relied on those statements and believed the policy provided full coverage for their roof. Plaintiffs' case is not isolated.

95.     By its conduct Defendants intended for Plaintiffs to simply rely on and accept Defendants' evaluations, estimates, and minimal payment for damages and go away. However, Plaintiffs did not simply go away. Plaintiffs suffered injury from Defendants' fraud by nondisclosure conduct because, among other damages, if Defendants had considered and approved all of Plaintiffs' damages found from the beginning, Plaintiffs would have received proper payment for their Claim and could have quickly begun repairs to their Property and would not have suffered an even larger loss.

<b>CONSPIRACY TO COMMIT FRAUD</b>

96.     Defendants Westchester, Chubb, Southern Cross, Engel Martin, , Slomiany, Mayfield, Mathis, and Jenny are liable to Plaintiffs for conspiracy to commit fraud. Westchester, Chubb, Southern Cross, Engel Martin, Slomiany, Mayfield, Mathis, and Jenny were members of a combination of two or more persons who object was to accomplish an unlawful purpose by unlawful means. In reaching a meeting of the minds regarding the course of action to be taken against Plaintiffs. Westchester, Chubb, Southern Cross, Engel Martin, Slomiany, Mayfield, Mathis, and Jenny committed an unlawful, overt act to further the object or course of action. Plaintiffs suffered injury as a proximate cause.

<b>KNOWLEDGE</b>

97.     Each of the acts described above and herein, together and singularly, was done

28

Certified Document Number: 9574O719 - Page 28 of 32

"knowingly," as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

### DISCOVERY RULE

98.     As to any claim by Defendant that any Statute of Limitations applies to bar any of Plaintiffs' causes of action, Plaintiffs expressly invoke the discovery rule, as that term is known and understood under Texas law.

### CONDITIONS PRECEDENT

99.     All conditions precedent to the Plaintiffs' claims for relief have been performed or have occurred and Westchester, Chubb, and Southern Cross waived the same. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A and pre-litigation alternative dispute resolution, if any.

### DAMAGES

100.    Plaintiffs will show that all the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiffs.

101.    As previously mentioned, the damages caused by this weather event have not all been properly addressed or repaired in the months since the event, causing further damages to the property, and causing undue hardship and burden to Plaintiffs. These damages are a direct result of the mishandling of Plaintiffs' Claim by Defendants Westchester, Chubb, and Southern Cross individually, in violation of the laws set forth above.

102.    For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, for their purchase of the Policy and which is the amount of their Claim, together with attorney's fees under Section 38.001 of the Texas Civil Practices and Remedies Code. All conditions precedent to Plaintiffs' Claims for relief have been performed or have occurred and/or Westchester, Chubb, and

Certified Document Number: 9574719 - Page 29 of 32

Southern Cross has waived the same.

103.    For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, interest, and attorney's fees. For knowing conduct of the acts described above, Plaintiffs ask for three times their actual damages. *See* TEX. INS. CODE §541.152.

104.    For noncompliance with Texas Insurance Code, Prompt Payment of Claims Act, Plaintiffs are entitled to simple interest on the amount of their Claim as damages each year at the rate determined on the date of judgment, by adding five percent (5%) of the interest rate determined under Section 304.003, Finance Code, together with reasonable and necessary attorney's fees. *See* TEX. INS. CODE §542.060.

105.    For breach of the common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the insurer owed, exemplary damages, and damages for emotional distress.

106.    For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

107.    For fraud by non-disclosure, Plaintiffs are entitled to recover actual damages and exemplary damages for making knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

108.    For conspiracy to commit fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for making knowingly fraudulent and malicious representations, along with

30

attorney's fees, interest, and court costs.

109.    For the prosecution and collection of this Claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

**JURY DEMAND**

Plaintiffs previously requested a jury trial of all of their causes of action alleged herein with a jury consisting of citizens residing in Harris County, Texas and Plaintiffs paid the appropriate jury fee.

**PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that upon trial hereof, Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, as to actual damages, treble damages under the Texas Insurance Code, and all exemplary damages as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court on their behalf expended, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

**Merlin Law Group, P.A.**

BY:     */s/ René M. Sigman*
René M. Sigman, Esq.
State Bar No. 24037492
rmsdocket@merlinlawgroup.com
515 Post Oak Blvd, Suite 510
Houston, Texas 77027
(713) 626-8880 (Office)
(713) 626-8881 (Facsimile)

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 8th day of May 2021, a true and correct copy of the above document has been forwarded to all counsel of record in this cause in accordance with the Texas Rules of Civil Procedure.

*/s/ René M. Sigman*
René M. Sigman, Esq.

Certified Document Number: 95740719 - Page 32 of 32



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   June 16, 2021

Certified Document Number:        95740719 Total Pages:  32

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**